In re: Genua.

Argued April 21, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and DREW, JJ.

*James C. Furst,* for appellant.

*John G. Love,* District Attorney, for appellee.

Opinion by Trexler, P. J., July 8, 1931:.

There was a petition filed October 5, 1929, addressed to the juvenile court of Centre County, alleging that John Anthony Genua, son of Angelo Genua, was a delinquent child. Testimony was taken and Rev. W. C. Thompson, juvenile court officer of said county, testified that the petition was filed at the suggestion of the father, that the child had thrown a little baby of the family, two months old, out of the second story window to the ground and that he wanted him placed somewhere.

The case was heard and expert testimony was submitted showing that the child was below normal and had distinct signs of idiocy. An order of court was made committing the boy to the Polk State School, there to be maintained at the expense of the County of Centre with reimbursement from the father, Angelo Genua.

On the 28th day of November, 1930, Angelo Genua, the father, presented his petition stating the former hearing and commitment and asking that the order be vacated and set aside and that the minor be released from Polk State School and placed in his custody. There were witnesses called, friends of the family, who testified that the parents were proper people to keep the child and that the child was all right, mentally

288

and physically. The present condition of the child would be the criterion which would move the court to act in the matter. There is no testimony that showed that there was any change in the condition of the boy since the first order was made. The fixed thought of the parents, the judge of the lower court observed, is that the juvenile be returned to them and placed wholly and without restrictions in their care. The court declined to ignore the observation of specialists and thought for the good of the child and the regard for those who knew most about the situation and what consequences might ensue by having a child of this nature under loose restraint, it should deny the petition. Some suggestion was made that the child should be examined by physicians as to its present condition and the offer was made that the parents were willing to take him to Philadelphia to have him put under the scrutiny of several doctors there. We are sure that the lower court would accede to any reasonable arrangement looking to the accomplishment of this purpose. If the parents are willing to bear the expense, the child can be sent, if the lower court so decides, under proper surveillance so as to assure his safe return to the institution.

We affirm the order of the lower court without prejudice.